People v Tookes (2024 NY Slip Op 03095)

People v Tookes

2024 NY Slip Op 03095

Decided on June 06, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 06, 2024

Before: Kern, J.P., Moulton, Friedman, González, Pitt-Burke, JJ. 

Ind No. 1694/85 Appeal No. 2430 Case No. 2005-7434 

[*1]The People of the State of New York, Respondent,
v
Willie Al Tookes, Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (Richard Joselson of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Amanda Katherine Regan of counsel), for respondent.

Order, Supreme Court, New York County (Rena K. Uviller, J.), entered on or about March 18, 2011, which adjudicated defendant a level three sexually violent offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously reversed, on the law, without costs, and defendant is adjudicated a level two sexually violent offender.
We agree with defendant that he was denied due process because the People did not provide written notice of its intent to seek a determination different than that recommended by the Board "at least ten days prior to the determination proceeding" (Correction Law § 168-n[3]; see People v Worley, 40 NY3d 129, 134 [2023]). The People sent defense counsel a letter stating their intent to seek a risk level three adjudication, different from the Board's recommendation of risk level two, less than 10 days in advance of the hearing. Significantly, the People indicated in their letter only that they were seeking additional point assessments and did not apprise counsel that they were also requesting an upward departure, which was the basis for defendant's ultimate classification as a risk level three offender. As in Worley, the People announced their intention to seek an upward departure for the first time at the court's invitation during the SORA hearing.
Defendant's right to timely notice was not waived by his counsel's letter, in response to the People's, that counsel was willing to go forward with the hearing if the prosecutor delivered to counsel by the next day the evidence that the People intended to use at the hearing. Nothing in the record indicates that the prosecutor complied with this condition. Moreover, because the People did not announce an intention to seek an upward departure, any waiver would not have embraced that request.
On appeal the People do not oppose modification of Supreme Court's order to the extent of reducing defendant's classification to level two, sexually violent offender. Given this concession there is no need for remand to Supreme Court.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 6, 2024